UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUDI RENE MENDEZ, | : |
| Petitioner, | : Civ. No. 23-21659 (RBK) |
| v. | : |
| WARDEN THOMPSON, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Petitioner, Rudi Rene Mendez ("Petitioner" or "Mendez"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Previously, this Court administratively terminated this matter as Petitioner had not paid the filing fee nor had he applied to proceed *in forma pauperis*. (*See* ECF 2). Petitioner has now paid the $5.00 filing fee such that the Clerk will be ordered to reopen this case. For the following reasons, Petitioner's habeas petition is summarily dismissed without prejudice.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pled guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) & 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii). (*See* M.D. Fla. Crim. No. 15-372 ECF 167 at 1). He received a sentence of 168 months imprisonment. (*See id.* at 2).

Petitioner is currently scheduled to be released from Federal Bureau of Prisons' ("BOP") custody on July 4, 2026. *See* https://www.bop.gov/inmateloc/ (last visited on February 21, 2024).

Petitioner expressly states in his habeas petition that he does not have a final order of deportation from the United States Immigration Customs and Enforcement Agency ("ICE"). (*See* ECF 1 at 2). However, he claims that ICE has notified the BOP of Petitioner's possible deportation. (*See* ECF 1 at 4-5). Thus, this Court presumes that Petitioner is alluding to a detainer ICE may have issued against Petitioner upon his release from BOP custody in 2026. Petitioner requests this Court to issue an order to BOP that Petitioner is only subject to deportation if a court, not ICE, issues a final order of deportation. (*See id.* at 7).

### III.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### IV.   DISCUSSION

As noted above, Plaintiff expressly notes there is no final order of deportation against him. "The mere filing of a detainer is insufficient to establish that an alien who is detained

pursuant to a criminal conviction is "in custody" for purposes of the habeas statute." *Korac v. Warden Fairton FCI*, 814 F. App'x 722, 723 (3d Cir. 2020) (citing *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2002). Thus, a federal prisoner subject to an ICE detainer when still serving a separate federal prison sentence without any final order of deportation is not "in custody" to warrant habeas relief. *See, e.g.*, *Blanco-Cepero v. Thompson*, No. 21-1473, 2021 WL 3929742, at *1 (M.D. Pa. Sept. 2, 2021) (citing *Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005); *Korac*, 814 F. App'x at 723; *Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016); *James v. Dist. Att;y York Cty.*, 594 F. App'x 66, 66 (3d Cir. 2015)); *see also Cabrera v. Tramell*, 488 F. App'x 294, 295-96 (10th Cir. 2012) (noting ICE detainer lodged with Oklahoma facility does not establish "in custody" for purposes of § 2241 jurisdiction because there is no final order of removal).

In this case, given Petitioner admits there is no final order of removal, but, presumably, only a detainer lodged against him by ICE, this Court lacks jurisdiction. Indeed, Petitioner lacks "custody" to challenge ICE's purported detainer against him at the present time. Accordingly, the habeas petition shall be summarily dismissed without prejudice.

## V.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed without prejudice due to a lack of jurisdiction as Petitioner has failed to show he is "in custody" to warrant the type of habeas relief he seeks. An appropriate order will be entered.

DATED: February 21, 2024                                    s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge